## WESTBROOK v. MENTE & COMPANY.

### Opinion delivered May 3, 1926.

SALES—DELIVERY IN INSTALLMENTS—BREACH.—In a contract for the sale of articles to be delivered in installments, the purchaser cannot accept a delivery which does not conform to the contract, and thereafter refuse on that account to accept other deliveries which do conform to the contract; but the fact that the purchaser has accepted an installment falling short of the requirements of the contract does not require him to accept other installments which do not meet the requirements of the contract.

Appeal from Jefferson Circuit Court; *T. G. Parham*, Judge; affirmed.

*Harry T. Wooldridge*, for appellant.

*Milling, Godchaux, Saal & Milling* and *Cohn, Clayton & Cohn*, for appellee.

McCULLOCH, C. J. Appellee is engaged in the business, at New Orleans, of manufacturing, among other things, bags made out of burlap. Appellant is engaged in the mercantile business at the city of Pine Bluff, and

on August 23, 1920, appellant and appellee entered into a written contract for the purchase by the former from the latter of 75,000 yards of burlap made into bags, to be delivered in monthly installments during the months of September, 1920, to March, 1921, inclusive. Appellant was to give shipping directions from time to time for the installments, specifying the sizes of the bags to be shipped, and they were to be manufactured in accordance with those directions, and the bags were to have certain matter printed thereon in ink, as specified by appellant. Shipping orders were given by appellant from time to time during the months of September, October, November, December and January, but, up to the last date for shipment under the contract, March 31, 1921, only a small proportion of the quantity covered by the contract had been ordered and shipped out. However, further orders were given under the contract later, and the last shipment ordered and made was one for 5,000 bags in November, 1921. This last shipment did not fulfill the whole contract, and left 45,000 yards unshipped. Appellant gave no further orders thereafter, and this action was instituted by appellee against appellant to recover damages on the ground that appellant had broken the contract by refusing to order and accept any more of the bags specified in the contract. Appellant defended on the ground that the contract was broken on the part of appellee by failure and refusal to furnish bags of the kind and quality specified in the contract. There was a trial of the issues before a jury, but the court gave a peremptory instruction in favor of the appellee.

Error of the court is assigned in excluding testimony offered by appellant and also in giving the peremptory instruction in favor of appellee.

Appellee introduced as a witness Howell Danziger, the assistant manager of the business. who identified the contract between the parties and testified as to the quantity of deliveries made by appellee to appellant under the contract and the course of dealing between the parties

up to the time of the alleged breach by the refusal of appellant to order or take any more of the bags. The contract shows that there was an average quota of 9,643 yards to be delivered during each month, and witness Danziger testified as to the amount of each delivery and the dates thereof. It appears from his testimony that there was a shortage of orders during each of the months, and that on March 31, 1921, the last day for deliveries, only a very small percentage of the quantity of bags specified in the contract had been ordered to be shipped. He testified that, after the last shipment of 5,000 bags in November, 1921, appellant, after repeated demands, failed to order out any more bags. He testified to repeated demands by letters and telegrams, to which appellant made no response. The testimony of this witness was also to the effect that appellant had never made any objections to the quality of the bags, except that in a letter ordering out a shipment of 5,000 bags in May, 1921, he asked for bags that were well sewed, and stated that he had had some trouble with bags pulling out at the seams, and also stated in the letter that he was not particular about the printing, as they were needing plain bags. The witness testified that this was the only complaint that was ever made to him.

It is undisputed that all of the shipments of bags were accepted by appellant and paid for, and that appellant made no complaint after the acceptance of the last shipment of 5,000 bags in November, 1921. But appellant offered testimony to the effect that he had made repeated complaints to three different salesmen representing appellee on their respective visits to appellant's place of business in Pine Bluff. The offered testimony was to the effect that the attention of these traveling salesmen was repeatedly called to defects in the bags received with respect to the sewing and also imperfect printing. The testimony offered by appellant was to the effect that the printing was imperfect, that the cut of the bag was unsatisfactory and that the sewing was poor. The testimony was to the effect that a large percentage

of the bags were defective in those respects, and that complaint was made to appellee's salesmen.

The correct rule of law has been recognized by this court to be that, in a contract for the sale of articles to be delivered in installments, the purchaser cannot accept a delivery, even though it does not conform to the contract, and thereafter refuse on that account to accept other deliveries which do conform to the contract, but that the fact that the purchaser has accepted an installment falling short of the requirements of the contract does not require him to accept other installments which do not meet the requirements of the contract. *Wooten & Co.* v. *Bain-Adams Co.,* 146 Ark. 462. This being the law applicable to the case, the court did not err in excluding the testimony offered by the appellant concerning the defects in the bags which were accepted and paid for. If appellant had refused to accept a shipment of bags which failed to come up to the requirements of the contract, he could have treated the contract as broken and refused to accept others, but he waived that breach by the acceptance, and treated the contract as being still in force. There was no testimony offered tending to show that appellee refused to ship bags of the kind and quality specified in the contract. All that the offered testimony showed was to the effect merely that the bags which were accepted were not in compliance with the contract, and, as we have already stated, there is no testimony that appellant ever made any complaint after the last shipment, which he accepted. Hence the testimony does not warrant an inference that appellee's attitude was one of refusal to comply with the requirements of the contract with respect to future shipments. We are of the opinion therefore that the court was correct in excluding the testimony offered by appellant in regard to the defective quality of the bags which were accepted.

The undisputed testimony in the case was that appellant waived the defective condition of all the bags that were shipped, and that he broke the contract by refusing to accept any more deliveries. Liability of appellant

being established by undisputed evidence, there was no error in the court's giving a peremptory instruction.

The evidence is also undisputed as to the damage caused by the rapid decline in prices of bags which appellant refused to accept; in fact, there is no complaint of the judgment on that ground.

Affirmed.

SMITH, J., (dissenting). The testimony on the part of appellant was to the effect that no one of the shipments of bags came up to the specifications of the original contract, and this fact was called to the attention of the salesman of appellee, who in each instance agreed to have the defects remedied. Other orders were placed, and the same defects were found. Finally, after repeated protests against the character of bags which were shipped under the contract and the unperformed promises to comply with the contract, appellant discontinued his orders. A salesman of appellee called to see appellant, and the subject was again discussed, and appellant stated that he did not place the orders as contemplated in the original contract for the reason that the bags shipped did not conform to the contract. Appellant pointed out to the salesman the defects complained of, and the salesman promised that, if orders were renewed, there would be a compliance with the contract in the future. A sample bag, with the printing desired, was furnished the salesman, and it is not questioned that appellant had the right to specify the kind of bags he desired.

This final order was given under the express condition that appellant would no longer waive the right to insist that the bags comply with the specifications and would give no other orders if this final one was not properly filled. This order was placed with the salesman, but the bags shipped pursuant to it were found to be as defective as the former ones had been. Appellant testified that he used the bags because they would have been valueless to any one else on account of the printing on them.

Now, this is not a case of one refusing to accept a shipment of goods which did conform to the contract of

sale because previous shipments which had been accepted did not conform to the contract. In fact, no bags were shipped which appellant refused to accept. The litigation arose over appellant's refusal to place further orders, and the question is whether he should have continued to place orders.

Appellee's manager at New Orleans testified that the bags shipped conformed to the contract. This was denied by appellant. It is true, of course, as was said in the case of *Wooten & Co.* v. *Bain & Adams,* 146 Ark. 462, from which the majority have quoted, that the purchaser cannot accept a delivery of goods, even though they do not conform to the contract, and thereafter refuse, on that account, to accept other deliveries which do conform to the contract. But it was also said in the case quoted from that "on the other hand, the fact that they had accepted a consignment of cotton falling short of the requirements of the contract did not require them to accept other consignments which did not meet the requirements of the contract."

That principle is applicable here. The jury might have found, had the case been submitted to them, that the bags did not conform to the contract, although appellee's insistence was that the bags did conform to the contract. The final shipment was ordered upon condition that the bags would conform to the contract. Appellee insisted that they did, and would, no doubt, have filled future orders in the same manner in which this last and the prior orders had been filled. Appellant was therefore under no duty to continue placing orders unless appellee would conform to the contract by shipping bags of the kind and quality specified in the contract. Appellee insisted that it was doing this, and had done so, and the jury might therefore have found that appellee would continue to ship bags which appellant thought did not conform to the contract.

Appellant did not refuse to receive the delivery of any bags which, according to his interpretation of the contract, conformed thereto. Appellee had not made

any such shipment, according to appellant's contention. Appellee's attitude was that it had shipped bags complying with the contract, which was a question of fact presented by the testimony, and appellee's insistence was that appellant should place other orders, which would, no doubt, have been filled in the same manner as previous orders were filled, at least the jury might have so found.

If appellee had said that it would thereafter ship bags conforming to the contract, although it had not previously done so, appellant could not excuse himself from receiving such bags because prior shipments which he had accepted did not conform to the contract. But appellee made no such concession or promise. The jury was not permitted to decide the issue of fact—whether appellee had shipped bags which conformed to the contract—and so long as appellee insisted, not simply that it would thereafter perform the contract, but that it had previously done so, it would have had no right to demand that appellant continue to place orders, which would be filled as other orders had been, because the prior shipments had not been returned, if, in fact, appellant was right, and appellee was wrong, in the dispute as to whether the bags conformed to the contract.

I think therefore that the jury should have been allowed to decide whether the bags shipped conformed to the contract, and did appellee offer, if orders were placed, to ship bags which would conform to the contract.

I therefore respectfully dissent.